UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
ST. FRANCIS HOSPITAL AND        :
MEDICAL CENTER, INC.,           :
                                :
    plaintiff,                  :
                                :
v.                              :    CASE NO. 3:22cv50(SVN)
                                :
HARTFORD HEALTHCARE CORP.,      :
HARTFORD HOSPITAL, HARTFORD     :
HEALTHCARE MEDICAL              :
GROUP, INC., INTEGRATED CARE    :
PARTNERS, LLC,                  :
                                :
    defendant.                  :
```

RULING ON PLAINTIFF'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS BY THE BRISTOL HOSPITAL

Pending before the Court is the plaintiff's motion to compel the production of documents by non-party Bristol Hospital which are responsive to previously served and narrowed subpoena. (Dkt. #125.) The Court held oral argument on July 18, 2023 and September 11, 2023.  For the following reasons, plaintiff's motion to compel is GRANTED in part and DENIED in part.

**I. Legal Standard**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties'

1

>relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Discovery under the Federal Rules of Civil Procedure is a conditional and carefully circumscribed process." Bagley v. Yale Univ., 315 F.R.D. 131, 144 (D. Conn. 2016), as amended (June 15, 2016). The party seeking the discovery has the burden of demonstrating relevance. Id.  This analysis "requires one to ask: Is the discovery *relevant* to a party's *claim* or *defense*? Which claim? Which defense? At this stage of the litigation, one looks to the parties' pleadings for their claims or defenses." Id.  Once the requesting party has demonstrated relevance, "[t]he party resisting discovery bears the burden of showing why discovery should be denied."  Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009).

"Federal Rule of Civil Procedure 45 allows a party to serve a subpoena for the production of documents and other information from a non-party."  Strike 3 Holdings, LLC v. Doe, No. 3:19 CV 115 (JBA), 2019 WL 2066963, at *2 (May 10, 2019 D. Conn.). While the scope of discovery under Rule 45 is still dictated by the parameters of Rule 26, considerations regarding non-parties are given special weight.  Id.

>Although discovery is by definition invasive, parties to a law suit must accept its travails as a natural

concomitant of modern civil litigation. Non-parties have a different set of expectations. Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs.

Cusumano v. Microsoft Corp., 162 F.3d 708, 717 (1st Cir. 1998).

An evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party. Whether a subpoena imposes an "undue burden" depends upon "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed."

Travelers Indem. Co. v. Metro. Life Ins. Co., 228 F.R.D. 111, 113 (D. Conn. 2005)(quoting United States v. Int'l Bus. Machines Corp., 83 F.R.D. 97, 104 (S.D.N.Y. 1979).

## II.  Discussion

In the motion currently pending before the Court, the plaintiff is seeking to compel non-party Bristol Hospital to provide documents responsive to five requests. Plaintiff asserts that the subpoena served on Bristol originally sought many more documents, but in an attempt to resolve the dispute, plaintiff had narrowed the scope of the requests. (Dkt. #125-2 at 1-3.) Specifically, plaintiff is seeking (1) a report and any related documents authored by Cain Brothers for Bristol Hospital, (2) a Request for Proposal issued by Bristol Hospital in seeking potential partners or purchasers, (3) Bristol Hospital's board meeting minutes for the twelve months prior to

the subpoena, (4) physician rosters for Bristol Hospital, and (5) patient survey results.  (Dkt. #125-2 at 4-10.)

"A district court has wide latitude to determine the scope of discovery[.]" In re Agent Orange Prod. Liab. Litig., 517 F.3d 76, 103 (2d Cir. 2008). "The district court enjoys broad discretion when resolving discovery disputes, which should be exercised by determining the relevance of discovery requests, assessing oppressiveness, and weighing these factors in deciding whether discovery should be compelled." Favale v. Roman Catholic Diocese of Bridgeport, 235 F.R.D. 553, 558 (D. Conn. 2006) (quotation marks and citation omitted).  To that end, the Court held oral argument on this motion on July 18, 2023 and September 11, 2023.  Additionally, during the intervening period the Court received both the Cain Brothers report and the relevant Bristol Hospital board meeting minutes for *In Camera* review.

The main argument that plaintiff advances relates to two specific paragraphs in the complaint.  First, in paragraph 37 plaintiff asserts:

> Bristol Hospital is a small hospital with 112 staffed beds in Bristol, Connecticut.  Bristol Hospital draws its patients primarily from the local area of the city of Bristol and towns to the sought of Bristol, is not easily accessible by highway for patients in the Hartford metropolitan area, and therefore does not provide significant competition for Hartford HealthCare in the Hartford metropolitan area.  It had facilities in Bristol, Plainville, Burlington, Terryville Wolcott, Southington and New Britain, all in southwestern Hartford County or nearby.  Bristol Hospital's website

4

> emphasizes "Outstanding Hospital Care, Close to Home," and its most recent Community Needs Assessment refers to it as "the leading health care provider for people who live and work in the Greater Bristol area." It does not engage in significant competitive efforts in other parts of Hartford County, and is not easily accessible to patients in the Hartford area. Bristol Hospital in 2019 had less than 1,700 commercially insured discharges, less than 10% of the volume of the tow Hartford HealthCare hospitals. Bristol Hospital also offers a limited range of services. For example, it does not provide cardiac surgery, high-end cardiology or high-end cancer care.

(Dkt. #125-2 at 3-4.)  Paragraph 38 of the Complaint asserts:

> Bristol Hospital is marginally profitable and does not have the resources to compete significantly by developing new services, hiring additional physicians, or engaging in substantial marketing or advertising campaigns. Bristol Hospital lost money (operated with a deficiency of revenues or expenses) for three or four years from 2016-2019. The hospital's days of cash on hand were under 20 for 2017-2019 as compared to a statewide average for hospitals of 91 days. Bristol Hospital's volume of discharges has declined in every year since 2016.

(Dkt. #125-2 at 4.) Plaintiff argues that the defendants' answer states that they lack adequate knowledge to admit or deny those statements, and thus the requested discovery is highly relevant to the disputed matters and only a slight burden on non-party Bristol Hospital because the documents are likely readily available.  Additionally, plaintiff argues that the tight protective order that the plaintiff and defendants entered into renders any concern regarding the distribution of such information on non-party Bristol Hospital's part to be unreasonable.

5

Based on the arguments raised in the briefs, as well as during oral argument, and based upon the Court's *in camera* review of some of the responsive documents, plaintiff's motion is granted in part and denied in part as follows:

**(1)  Cain Brothers' Report**

The Court has reviewed the Cain Brothers' Report. Initially plaintiff stated that it anticipated that the Cain Brothers' Report would be relevant and highly useful due to both the factual content and data that it would likely contain, as well as the frank assessment that, according to plaintiff, typically accompanies such reports.  Additionally, plaintiff noted it was only seeking reports or presentations related to the Cain Brothers' Report. (Dkt. #125-2 at 6-7.)  However, as noted during the second oral argument, the Court has conducted an *in camera* review or the Cain Brothers' Report.  The report does not contain the facts, data, and assessment that plaintiff is seeking.  As noted on the record, the report does not discuss Bristol Hospital's profits or losses, resources, financials for any specific years, amount of cash on hand for any specific years, whether the volume of discharges has increased, decreased, or remained the same over the years, or how Bristol Hospital compares to or competes with (or allegedly is unable to

6

compete with) Hartford HealthCare.[1] In fact, the Cain Brothers' report contains almost no reference at all to Hartford HealthCare. Therefore, the Court concludes that the information contained in the Cain Brothers' report is simply not relevant. Although plaintiff has noted that any information Bristol Hospital produces would be protected by a protective order, the subpoenaed information must still be relevant, and in this case, it is not. Thus, as to the Cain Brothers' Report the motion to compel is DENIED.

**(2) Request for Proposals**

Plaintiff's motion to compel seeks any requests for proposals ("RFP") sent out by non-party Bristol Hospital and any Reponses or overtures from Hartford HealthCare. (Dkt. 125-2 at 7.) Bristol, in the spirit of compromise, does not object to the disclosure of the RFP. (Dkt. #155 at 2.) The Court notes

---

[1] As noted on the record, the Cain Report does include a chart which has a single column showing the number of discharges, staffed beds and total operating revenue for hospitals in the area, but each such column contains a single number for each such hospital and the chart does not indicate whether the number is for a specific year or an average or something else. In any event, it is clear from the chart that it was compiled from public information. Indeed, the chart specifically identifies the source of the information. Such public information is readily available to the plaintiff. Additionally, Bristol Hospital represented that much of its financial information is public and easily accessible to plaintiff. During the oral argument, the Court noted that the Cain Brothers' report identifies certain objectives that Bristol Hospital has in seeking a strategic partner. Plaintiff argued that, depending on what those objectives are, that section of the report could contain relevant information. Plaintiff then provided some examples of objectives that might be relevant. Having reviewed the report again, the Court stands by its opinion that the report does not contain relevant information. The Court notes, once again, that the report contains almost no mention at all of Hartford HealthCare and does not in any way discuss or analyze Hartford HealthCare's alleged impact on Bristol Hospital.

that during oral argument, while not disclosing the content of the documents submitted for *in camera* review, it was made clear on the record that Hartford HealthCare was not one of the potential partners identified in the documents. As such, the issue of the RFP and any response by Hartford HealthCare, will become moot once Bristol turns over the RFP document to plaintiff.

### (3)  Board Meeting Minutes

Bristol Hospital's Board Meeting Minutes were reviewed by the Court *in camera*. The meeting minutes do not contain the analysis or level of detail that the plaintiff is seeking. There is no discussion of Bristol Hospital's ability (or alleged inability) to compete with Hartford HealthCare, or Hartford HealthCare's impact on Bristol Hospital, or a discussion of Bristol Hospital's profits and losses. Therefore, even considering the low bar for relevance in a discovery dispute, the board meeting minutes simply do not contain relevant information. Thus, as to the Board meeting minutes, the motion to compel is DENIED.

### (4)  Physician Rosters

Plaintiff seeks a copy of Bristol Hospital's physician roster with identifying information to allow plaintiff to see the "market share" of defendant in "numerous physician specialty markets." (Dkt. #125-2 at 10.) Bristol Hospital offered to

8

produce a roster, but seeks to do so in a manner that is de-identified. (Dkt. #155 at 8-9.)  In response, plaintiff notes that much of, if not all of, the physician names and photos are available on the Bristol Hospital website. (Dkt. #160 at 6 and Dkt. #160-1.)  Plaintiff argues that while useful, the list on the website does not include the necessary information to cross-reference with other facilities when a physician might have privileges at both facilities. (Dkt. #160 at 3-4.)

Bristol Hospital asserts in its response to the motion to compel that Bristol's physicians are subject to an agreement with Bristol Hospital that they will "not engage in the practice of medicine, the conduct of medical research, or in the provision of medical education" outside of Bristol Hospital. (Dkt. #155 at 9.) The Court is of the understanding, following comments made during the first oral argument, that there might be a small number of Bristol Hospital physicians who are authorized to work elsewhere, and that Bristol Hospital would potentially be willing to share that information with plaintiff. Based on this understanding, the motion to compel is DENED AS MOOT.  If the parties have been or are unable to resolve this issue, they should so inform the Court within two weeks of this ruling.

**(5)  Patient Surveys**

Finally plaintiff seeks the production of "NRC or similar surveys regarding patient preferences for hospitals that Bristol possesses." (Dkt. #125-2 at 11.) Plaintiff asserts that the surveys could be relevant to assessing the market strength or weakness of a hospital such as Bristol, and thus its ability to provide completion to [Hartford HealthCare]." (Id.)

During the second oral argument Bristol Hospital indicated that it does have a survey, but the survey is different from the types of surveys described by plaintiff. Bristol indicated that its survey is community-based regarding the needs of the Bristol area. Bristol Hospital further indicated that the survey results do not include any mention of other providers in other communities. Further, Bristol Hospital stated that the survey results do not contain any information that is protected under the Health Insurance Portability and Accountability Act (HIPAA). Bristol Hospital could not describe the survey in greater detail because counsel did not have a copy of the survey and had not actually seen it. The Court has determined that the survey information is potentially relevant to the case and, in light of the fact that it does not contain HIPAA protected information and there is a tight protective order in this case, that it should be produced pursuant to the protective order and the other agreed-upon restrictions discussed in open court.

Therefore, with respect to the survey results Bristol Hospital discussed during oral argument, the motion to compel is GRANTED.

### III. Conclusion

For the foregoing reasons, the plaintiff's motion to compel (dkt. #125) is granted, in part, and denied, in part. This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. R. 72.2. As such, it is an order of the Court unless reversed or modified by a district judge upon motion timely made.

SO ORDERED this 26th day of September, 2023 at Hartford, Connecticut.

_____/s/_____

Robert A. Richardson
United States Magistrate Judge